No. 21-55608

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
―――――――――――――

JAMES MILLER; PATRICK RUSS; WENDY HAUFFEN; NEIL RUTHERFORD;
ADRIAN SEVILLA; RYAN PETERSON; GUNFIGHTER TACTICAL, LLC; JOHN
PHILLIPS; PWGG, L.P.; SAN DIEGO COUNTY GUN OWNERS PAC; CALIFORNIA
GUN RIGHTS FOUNDATION; SECOND AMENDMENT FOUNDATION; AND
FIREARMS POLICY COALITION, INC.,
*Plaintiffs-Appellees*,

v.

CALIFORNIA ATTORNEY GENERAL ROB BONTA; AND DOJ BUREAU OF
FIREARMS DIRECTOR LUIS LOPEZ,
*Defendants-Appellants.*
―――――――――――――

**On Appeal from the United States District Court
for the Southern District of California**
No. 19-cv-1537-BEN-JLB
The Honorable Roger T. Benitez, Judge
―――――――――――――

## REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION UNDER
## CIRCUIT RULE 27-3 TO STAY JUDGMENT PENDING APPEAL

## RELIEF REQUESTED BY JUNE 18, 2021
―――――――――――――

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General

JOHN D. ECHEVERRIA
Deputy Attorney General
State Bar No. 268843
 455 Golden Gate Avenue
 Suite 11000
 San Francisco, CA 94102-7004
 (415) 510-3479
 John.Echeverria@doj.ca.gov
*Attorneys for Defendants-Appellants*

June 16, 2021

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................... 1

Argument ....................................................................................... 3

I.     Defendants Are Likely to Succeed on the Merits ............................... 3

II.    The Equitable Factors Weigh Strongly in Favor of a Stay ................. 9

Conclusion ................................................................................... 13

Certificate of Compliance ........................................................... 14

# TABLE OF AUTHORITIES

**Page**

CASES

*Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*
458 U.S. 592 (1982).................................................................. 12

*Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*
576 U.S. 787 (2015).................................................................. 12

*District of Columbia v. Heller*
554 U.S. 570 (2008).................................................................. 9

*Doe #1 v. Trump*
957 F.3d 1050 (9th Cir. 2020) .................................................. 5

*Duncan v. Becerra*
2019 WL 1510340 (S.D. Cal. Apr. 4, 2019) ............................. 1

*E. Bay Sanctuary Covenant v. Biden*
993 F.3d 640 (9th Cir. 2021) ............................................... 2, 5

*Friedman v. City of Highland Park, Ill.*
784 F.3d 406 (7th Cir. 2015) ............................................. 7, 11

*FTC v. Qualcomm Inc.*
935 F.3d 752 (9th Cir. 2019) .................................................. 1

*Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*
512 F.3d 1112 (9th Cir. 2008) ........................................... 9, 10

*Index Newspapers LLC v. U.S. Marshals Serv.*
977 F.3d 817 (9th Cir. 2020) .................................................. 5

*Jackson v. City & Cty. of San Francisco*
746 F.3d 953 (9th Cir. 2014) .................................................. 4

*Kolbe v. Hogan*
849 F.3d 114 (4th Cir. 2017) ......................................... 8, 11, 12

ii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Lair v. Bullock*
    697 F.3d 1200 (9th Cir. 2012) ................................................................ 2

*Leiva-Perez v. Holder*
    640 F.3d 962 (9th Cir. 2011) ........................................................ 3, 5, 7

*Little v. Reclaim Idaho*
    140 S. Ct. 2616 (2020) ................................................................ 2

*Maryland v. King*
    567 U.S. 1301 (2012) ................................................................ 9

*McDonald v. City of Chicago, Ill.*
    561 U.S. 742 (2010) ................................................................ 12

*Mi Familia Vota v. Hobbs*
    977 F.3d 948 (9th Cir. 2020) ................................................................ 2

*N.Y. State Rifle & Pistol Ass'n v.*
    804 F.3d 242 (2d Cir. 2015) ........................................................ 7, 11

*Nken v. Holder*
    556 U.S. 418 (2009) ........................................................ 1, 2, 7

*Rocky Mountain Farmers Union v. Corey*
    730 F.3d 1070 (9th Cir. 2013) ................................................................ 2

*Rupp v. Becerra*
    401 F. Supp. 3d 978 (C.D. Cal. 2019) ................................................................ 11

*Silvester v. Harris*
    843 F.3d 816 (9th Cir. 2016) ................................................................ 4

*United States v. Chovan*
    735 F.3d 1127 (9th Cir. 2013) ................................................................ 4

# TABLE OF AUTHORITIES
## (continued)

**Page**

*United States v. Mitchell*
  971 F.3d 993 (9th Cir. 2020) ..................................................... 5

*Worman v. Healey*
  922 F.3d 26 (1st Cir. 2019) ................................................. 6, 11

*Young v. Hawaii*
  992 F.3d 765 (9th Cir. 2021) .................................................... 9

**STATUTES**

Conn. Gen. Stat. § 53-202a ...................................................... 6

Cook Cty., Ill. Code § 54-211 ................................................... 6

D.C. Code § 7-2501.01(3A)(A) ................................................ 6

Highland Park, Ill. Code § 136.001 .......................................... 6

Mass. Gen. L. ch. 140, § 121 ................................................... 6

Md. Code, Crim. Law § 4-301 ................................................. 6

N.Y. Penal Law § 265.00 ......................................................... 6

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. II ..................................................... *passim*

**OTHER AUTHORITIES**

Giffords Law Ctr., Assault Weapons: Summary of State Law ................... 12

Senate Bill 800 (2016 Cal. Stat. ch. 48) ..................................... 11

# INTRODUCTION

A stay pending appeal "simply suspend[s] judicial alteration of the status quo." *FTC v. Qualcomm Inc.*, 935 F.3d 752, 757 (9th Cir. 2019); *see* Mot. 1-2, 7-8. While a stay is not awarded as "of right," *Nken v. Holder*, 556 U.S. 418, 427 (2009), it is surely appropriate where—as here—a district court invalidates a duly enacted statute, the case involves at least "serious questions going to the merits," Dkt. 115 at 93, and the equitable factors support a stay. This Court, for example, has issued stays pending appeal in recent Second Amendment cases involving certain background check requirements on ammunition purchases, *Rhode v. Becerra*, No. 20-55437 (9th Cir. May 14, 2020) (Dkt. 13-1), and the State's 10-day waiting period for firearm purchases, *Silvester v. Harris*, No. 14-16840 (9th Cir. Jan. 12, 2015) (Dkt. 20). And the same district court that issued the decision below previously granted a stay pending the appeal of its decision enjoining the State's limits on large-capacity magazines. *Duncan v. Becerra*, 2019 WL 1510340, at *3 (S.D. Cal. Apr. 4, 2019) (Dkt. 97). Outside of the Second Amendment context, too, stays pending appeal are commonplace when a

1

district court enjoins a statute or government policy on constitutional grounds.[1]

Plaintiffs assert that it would be "extraordinary," Opp. 13, for this Court to grant a stay pending the appeal of the district court's judgment permanently enjoining California's longstanding statutory restrictions on assault weapons. But they make no effort to reconcile that view with this Court's many orders granting stays pending appeal in similar contexts. Plaintiffs' opposition brief instead focuses primarily on the merits of their Second Amendment claim. Of course, this Court's review of a stay motion is not the place for a "definitive merits decision"; that would "invert the customary role of a stay," which properly involves only an abbreviated assessment of the merits. *Nken*, 556 U.S. at 432; *see also E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021).

But in any event, as discussed below, Plaintiffs' merits arguments are unpersuasive. That is underscored by the fact that *all* of the other circuits to consider the constitutionality of similar laws have upheld them under the Second Amendment. The equitable factors also weigh heavily in favor of a

---

[1] *See, e.g.*, *Little v. Reclaim Idaho*, 140 S. Ct. 2616, 2616 (2020); *Mi Familia Vota v. Hobbs*, 977 F.3d 948, 954 (9th Cir. 2020); *Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086 (9th Cir. 2013); *Lair v. Bullock*, 697 F.3d 1200, 1215 (9th Cir. 2012); Mot. 1-2 (collecting additional examples).

stay. In particular, given that the AWCA has restricted assault weapons in California for decades, the State and its citizens would suffer irreparable harm if the district court's judgment took effect and allowed those weapons to flow into the State while this Court is still resolving the merits of this appeal.

## ARGUMENT

### I. DEFENDANTS ARE LIKELY TO SUCCEED ON THE MERITS

1. Defendants have explained why, on this record, they are likely to succeed on the merits. *See* Mot. 8-19; *infra* pp. 5-9. And at an absolute minimum, as the district court acknowledged, this case plainly involves "serious questions going to the merits." Dkt. 115 at 93. That alone suffices to warrant a stay in light of the powerful equitable considerations favoring preservation of the status quo. *See, e.g.*, *Leiva-Perez v. Holder*, 640 F.3d 962, 966-967 (9th Cir. 2011); Mot. 19-22.

Plaintiffs nonetheless contend that Defendants cannot satisfy even "the 'serious legal questions' test," arguing that this appeal "primarily involves factual issues" and that Defendants fail to "raise a meaningful *legal* challenge to the District Court's analysis." Opp. 12 (capitalization omitted). Of course, that argument ignores the district court's own assessment of the seriousness of the disputed legal questions. *See* Dkt. 115 at 93. It also

3

ignores Plaintiffs' own arguments about the appropriate framework for reviewing their Second Amendment claim—arguments raising legal questions that are hotly disputed by the parties. For example, Plaintiffs and the district court both contend (incorrectly) that the claim should be evaluated under a so-called "*Heller* test" that looks only at whether a weapon "is commonly owned by law-abiding citizens for lawful purposes." *Id.* at 12; *see id.* at 12-17; Opp. 7-8. They both contend (also incorrectly) that if the law is subject to means-ends scrutiny, it should be evaluated under strict scrutiny. *See* Dkt. 115 at 21-22; Opp. 8; *see also* Proposed Br. of Amici Arizona et al., C.A. Dkt. 7-2 at 4-10 (similar).

In the alternative, Plaintiffs and the district court reason that California's assault-weapon restrictions would fail intermediate scrutiny, and Plaintiffs now contend that "the *application* of . . . intermediate scrutiny to the facts of this case . . . primarily involves factual issues." Opp. 12; *see* Mot. 12-13, 17-19. But this Court has repeatedly—and correctly—treated such questions as legal ones, subject to de novo review. *See, e.g.*, *Jackson v. City & Cty. of San Francisco*, 746 F.3d 953, 959, 965-966 (9th Cir. 2014); *Silvester v. Harris*, 843 F.3d 816, 827-829 (9th Cir. 2016); *United States v. Chovan*, 735 F.3d 1127, 1131, 1139-1141 (9th Cir. 2013).

4

2.  Plaintiffs argue that Defendants "*must* specifically . . . ma[ke] a strong showing that they are likely to succeed on the merits" to obtain a stay pending appeal.  Opp. 6 (emphasis added).  That is not a correct or complete statement of the governing legal standard.  *See* Mot. 7-8.[2]  And even if it were, Defendants would satisfy it.  *See* Mot. 8-19.

As Plaintiffs acknowledge, *see* Opp. 13-14, five federal courts of appeals have considered Second Amendment challenges to assault-weapon prohibitions, applied intermediate scrutiny (or a closely related standard, Mot. 11 n.4), and upheld the prohibitions, *see id.* at 9 (collecting decisions). Like the AWCA, the statutes considered by the other circuits employed a "features-based definition of 'assault weapons,'" Dkt. 115 at 5, which looked to the same (or very similar) features that triggered prohibition under the federal assault-weapon ban—features that continue to subject certain

---

[2] Nothing in the decisions cited by Plaintiffs—such as *Index Newspapers LLC v. United States Marshals Service*, 977 F.3d 817, 824 (9th Cir. 2020), and *Doe #1 v. Trump*, 957 F.3d 1050, 1062 (9th Cir. 2020)—purports to overturn or question this Court's repeated recognition that "serious legal questions" or a "substantial case on the merits" suffice to warrant a stay pending appeal when the remaining equitable factors are satisfied.  *Leiva-Perez*, 640 F.3d at 967-968; *see, e.g.*, *E. Bay Sanctuary Covenant*, 993 F.3d at 661; *United States v. Mitchell*, 971 F.3d 993, 996 (9th Cir. 2020).

5

firearms to regulation under the AWCA. *See* Mot. 4-5, 12-13.[3] Viewed in light of the record below and those federal precedents, Defendants are likely to succeed in showing that the AWCA leaves law-abiding citizens with ample alternative means of effective self-defense, Mot. 11-12, and satisfies intermediate scrutiny by advancing the State's interest in prohibiting firearms with features and configurations that are "most lethal in mass shooting situations," Dkt. 115 at 40; *see* Mot. 12-13.

Plaintiffs criticize the State for invoking the unanimous body of federal appellate precedent upholding assault-weapon restrictions, on the ground that those decisions "generally" lacked district court findings that the prohibited features have "utility . . . for self-defense." Opp. 13-14. But each of the cited decisions *accepted* the principal assertion made by Plaintiffs here—that the prohibited features either "enhance the firearm's accuracy," *id.* at 10, or make the firearm more lethal in other ways, *see id.* at 10-12; *see*

---

[3] *See* N.Y. Penal Law § 265.00 (defining firearm as an assault weapon based upon presence of "a folding or telescoping stock," "a pistol grip that protrudes conspicuously beneath the action of the weapon," "a flash suppressor . . . or threaded barrel," or "a grenade launcher," among other features); Mass. Gen. L. ch. 140, § 121 (similar); Md. Code, Crim. Law § 4-301 (similar); Conn. Gen. Stat. § 53-202a (similar); D.C. Code § 7-2501.01(3A)(A) (similar); Cook Cty., Ill. Code § 54-211 (similar); Highland Park, Ill. Code § 136.001 (similar); *see also Worman v. Healey*, 922 F.3d 26, 31 (1st Cir. 2019) (discussing the federal ban).

*also* Dkt. 115 at 35-39 & n.47, 40-41 (similar). Without doubting that such "enhance[ment]" might theoretically be "beneficial for self-defense" in limited circumstances, *Friedman v. City of Highland Park, Ill.*, 784 F.3d 406, 411 (7th Cir. 2015), the First, Second, Fourth, Seventh, and D.C. Circuits concluded that States and municipalities may ban the prohibited features because they pose serious dangers to public safety and allow perpetrators of mass shootings to "fire more shots, faster," and with deadlier aim, *id.*; *see, e.g.*, *N.Y. State Rifle & Pistol Ass'n v. Cuomo* (*NYSRPA*), 804 F.3d 242, 260-263 (2d Cir. 2015) ("enumerated military-style features . . . increase[] a weapon's 'accuracy,' 'comfort,' and 'utility'"—"a milder way of saying that these features make the weapons more deadly").

Plaintiffs ask this Court to ignore those decisions and instead conduct a feature-by-feature inquiry to evaluate whether each "prohibited feature" under the AWCA is "important for home defense." Opp. 9; *see id.* at 8-12. But that type of "in depth" merits analysis is not what is called for at this stage of the appeal: "Such pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,' rather than doling out 'justice on the fly.'" *Leiva-Perez*, 640 F.3d at 967 (quoting *Nken*, 556 U.S. at 427).

7

And Plaintiffs' feature-by-feature arguments are unpersuasive in any event. Plaintiffs make no serious attempt to show that the AWCA in general—or any prohibited feature in particular—fails to advance the State's interest in barring firearm features that "allow someone to fire, not just 30 or 40 rounds, but to fire those rounds rapidly and maintain accuracy in rapid-fire scenarios," Dkt. 115 at 40.[4] They instead argue that the State's asserted interest is "absurd," Opp. 19, and "farcical," *id.* at 20, because it would allow the State to "prohibit any improvements in firearm technology simply because such improvements would help criminals as well as lawful users," *id.* at 19; *see also id.* at 8-12.

But there is nothing farcical or absurd about saving lives by preventing criminals—especially those who would perpetrate a mass shooting—from obtaining "exceptionally lethal weapons of war." *Kolbe v. Hogan*, 849 F.3d 114, 124 (4th Cir. 2017) (en banc). And it is Plaintiffs' argument that

---

[4] Plaintiffs assert that Defendants failed to provide "any evidence" that the AWCA-prohibited features have a "potential for misuse which would make [certain] firearms unusually dangerous." Opp. 9. But Defendants explained in great detail below why these features pose inherent dangers. *See* Mot. 12-13; Dkt. 103 at 4-11. As Defendants have explained, *see* Mot. 17, the district court *credited* that evidence, *see* Dkt. 115 at 36-37 n.47; *see also id.* at 35-39, 40-41. The district court's mistake was in concluding, as a matter of law, that the State lacks a legitimate interest in prohibiting these dangerous features. *See* Mot. 17-18.

appears to lack any principled limit: while Defendants acknowledge that the State may not prohibit "improvements in firearm technology" if the effect would be to "destr[oy]" or unduly burden the core right of self-defense in the home, *Young v. Hawaii*, 992 F.3d 765, 783 (9th Cir. 2021) (en banc), Plaintiffs would apparently require States to allow individuals to keep and bear *any* dangerous weapon—from assault weapons to M-16s to bazookas— merely because the weapon's lethal features might theoretically contribute to self-defense in some circumstances. That view of the Second Amendment cannot be reconciled with *District of Columbia v. Heller*, which recognized that the Second Amendment does not provide "a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." 554 U.S. 570, 626 (2008).

## II. THE EQUITABLE FACTORS WEIGH STRONGLY IN FAVOR OF A STAY

"[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). And unless a statute is "obvious[ly] . . . unconstitutional," there is a strong "public interest" in its continued enforcement and application during the pendency of a challenge to the statute's validity. *Golden Gate*

9

*Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1126 (9th Cir. 2008). Plaintiffs do not acknowledge or address these well-established principles.

And while Plaintiffs accuse Defendants of "fearmongering," Opp. 3, and "scaremongering," *id.* at 18, they do not dispute what the practical effects of denying a stay pending appeal would be: If the district court's judgment takes effect, it will result in an influx of prohibited assault weapons into California—just as large-capacity magazines flooded into the State two years ago during the six-day period between when the same district court enjoined the State's prohibition and when it issued a stay pending appeal. *See* Mot. 20-21. Indeed, Plaintiffs' principal argument with respect to the equitable factors is that Plaintiffs and others would suffer "constitutional injury" by being "deprived" of assault weapons. Opp. 22, 24; *see id.* at 22-24. That argument rests on the assumption that Plaintiffs— and many others—will in fact acquire prohibited weapons during the course of this appeal.

Plaintiffs assert that the inflow of assault weapons would pose no real threat to the State because the weapons "are no more dangerous or capable of use in mayhem" than "featureless" weapons allowed under California's laws. Opp. 16; *see id.* at 15-19. But that argument assumes that Plaintiffs

10

are right on one of the main contested issues to be resolved in this appeal—
that is, whether the district court correctly rejected California's justifications
for prohibiting firearms with certain "combat-style features." *Worman*, 922
F.3d at 31; *see supra* at pp. 3-9.[5]  Plaintiffs' argument is also in considerable
tension with its claim that these features are "important for home defense."
Opp. 9.  They fail to explain how they would be harmed by a stay when
California law allows them to obtain firearms that Plaintiffs consider to be
"remarkably similar" to prohibited assault weapons.  *Id.* at 17 (quoting Dkt.
115 at 42); *see Friedman*, 784 F.3d at 411; *Kolbe*, 849 F.3d at 138;
*NYSRPA*, 804 F.3d at 260.

Finally, Plaintiffs argue that, "[i]n practical terms, all that the" district
court's judgment "will do is to bring California in line" with other States that
authorize their residents to possess assault weapons.  Opp. 20; *cf.* Proposed
Br. of Amici Arizona et al., C.A. Dkt. 7-2 at 2 (raising arguments based on
"[t]he experience in Arizona and other states").  California, however, is far

---

[5] Plaintiffs suggest that the features prohibited under the AWCA were legal
in California "as recently as 2016."  Opp. 3; *see id.* at 20 (similar).  That is
incorrect.  The AWCA has barred weapons with these features for decades;
the only change made in 2016 was to close a loophole that effectively
allowed manufacturers to circumvent the statute's restrictions.  *See generally*
Senate Bill 800, 2016 Cal. Stat. ch. 48; *Rupp v. Becerra*, 401 F. Supp. 3d
978, 981-982 (C.D. Cal. 2019).

from alone in prohibiting assault weapons.[6]  And each State has the

"sovereign" prerogative to "create and enforce a legal code," making its own

decisions about appropriate policies to adopt within its borders.  *Alfred L.*

*Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 601 (1982).

Few principles are as fundamental to our constitutional order.  *See Ariz.*

*State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 817

(2015) (citing, *e.g.*, *New State Ice Co. v. Liebmann*, 285 U.S. 262, 311

(1932) (Brandeis, J., dissenting)).  And the Supreme Court has recognized

that the Second Amendment "by no means eliminates" a State's "ability to

devise solutions to social problems that suit local needs and values."

*McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 785 (2010); *see also Kolbe*,

849 F.3d at 150 (Wilkinson, J., concurring).  That is what California's

AWCA has done for over three decades:  helping to protect the public from

preventable gun violence while respecting the core right of law-abiding

citizens to possess authorized firearms for armed self-defense in the home.

---

[6] *See* Giffords Law Ctr., Assault Weapons: Summary of State Law,
https://giffords.org/lawcenter/gun-laws/policy-areas/hardware-
ammunition/assault-weapons/ (last visited June 16, 2021).

## CONCLUSION

The Court should grant a stay of the district court's judgment pending appeal. In the event that a three-judge panel denies a stay, Defendants respectfully request an administrative stay to preserve the status quo until such time as Defendants have had an opportunity to seek further relief from the en banc Court or the Supreme Court.

Dated:  June 16, 2021        Respectfully submitted,


ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
MARK R. BECKINGTON
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General

s/ John D. Echeverria

JOHN D. ECHEVERRIA
Deputy Attorney General
*Attorneys for Defendants-Appellants*

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply brief complies with the type-volume limitation Ninth Circuit Rule 27-1 and 32-3 because it contains 2,766 words. This reply brief complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: June 16, 2021          s/ John D. Echeverria

14

## CERTIFICATE OF SERVICE

Case Name:   **James Miller et al. v. Rob Bonta et al.**
Case No.     **21-55608**

I hereby certify that on <u>June 16, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY BRIEF IN SUPPORT OF EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 TO STAY JUDGMENT PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 16, 2021</u>, at San Francisco, California.

<table>
<tr><td>Robert Hallsey</td><td>/s/ Robert Hallsey</td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>